## UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

July 6, 2026,

### LETTER OPINION

Re: *Kazagiqi v. J.P. Morgan Securities LLC*
Civil Action No. 25-18218 (JXN)

Dear Parties:

Before the Court is Defendant J.P. Morgan Securities LLC's ("JPMS") Motion to Compel Arbitration. (ECF No. 7.) For the reasons stated below, the motion is dismissed without prejudice to JPMS's ability to later refile.

Because federal courts "are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

According to *pro se* Plaintiff Urim Kazagiqi ("Plaintiff"), the Court has jurisdiction under 28 U.S.C. § 1332(a), which allows federal courts to hear matters between citizens of different states where the amount in controversy exceeds $75,000. (*See* Compl. ¶ 2.1, ECF No. 1.) Plaintiff claims he is a New Jersey citizen, and that, "[u]pon information and belief," JPMS is "a citizen of one or more states other than New Jersey." (Compl. ¶¶ 2.2–2.3.)

Plaintiff does not sufficiently plead JPMS's citizenship. At most, Plaintiff asserts, in conclusory fashion, that JPMS is not a citizen of New Jersey. But jurisdiction "must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (citation omitted). "A party's "bald allegations that the corporate parties are 'citizens' of certain states are insufficient to carry its burden of pleading the diversity of the parties." *Id.* And while courts generally afford "greater leeway" to *pro se* litigants, unrepresented parties "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)

In sum, Plaintiff must "affirmatively and distinctly" allege JPMS's citizenship. *Raab*, 180 F. App'x at 320. Because he has not, the Court may not proceed further.

"[J]urisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (citation omitted). Jurisdictional discovery is "particularly appropriate where the defendant

is a corporation." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009). JPMS is an LLC, making jurisdictional discovery particularly appropriate here.

Therefore, the Court directs the parties to engage in jurisdictional discovery to concretely establish the Court's jurisdiction over JPMS, an LLC defendant. Thereafter, Plaintiff shall file an amended complaint setting forth proper jurisdictional allegations. The Court also notes that "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

In light of the foregoing, JPMS's motion to compel arbitration is dismissed without prejudice to its ability to later refile.

An appropriate Order accompanies this Opinion.

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge